**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**CASE NO.: 16-CV-23767**

| | |
|---|---|
| DOUG LONGHINI, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RC FL-SHOPPES AT 104, LLC d/b/a SHOPPES AT 104, C&C AMAYA INVESTMENTS, INC d/b/a MACITA'S RESTAURANT & BAKERY, SUBWAY 6680, INC. d/b/a SUBWAY, and SUSHI SAKE HAMMOCKS, INC d/b/a SUSHI SAKE RESTAURANT, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff DOUG LONGHINI (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendant RC FL-SHOPPES AT 104, LLC d/b/a SHOPPES AT 104 (**"Defendant Shoppes"**)**,** Defendant C&C AMAYA INVESTMENTS, INC d/b/a MACITA'S RESTAURANT & BAKERY (**"Defendant Macita's"**), Defendant SUBWAY 6680, INC. d/b/a SUBWAY ("**Defendant Subway**"), and Defendant SUSHI SAKE HAMMOCKS, INC d/b/a SUSHI SAKE RESTAURANT ("**Defendant Sushi**")(collectively "**Defendants**") for injunctive relief and states:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6. Defendant Shoppes is a Foreign Limited Liability Company having its main place of business in Delaware.

7. Defendant Shoppes is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 14601 SW 104 Street, Miami, Florida 33186 (the "**Subject Premises**" or "**Facility**").

8. Defendant Macita's is a Corporation having its main place of business in Florida.

9. Defendant Macita's is doing business as, and is the lessee and operator of, the restaurant MACITA'S RESTAURANT & BAKERY and related facilities located on the Subject Premises with the specific address 14685 SW 104th Street, Miami, Florida 33186.

10. Defendant Subway is a Corporation having its main place of business in Florida.

11. Defendant Subway is doing business as, and is the lessee and operator of, the restaurant SUBWAY and related facilities located on the Subject Premises with the specific address 14679 SW 104th Street, Miami, Florida 33186.

12. Defendant Sushi is a Corporation having its main place of business in Florida.

13. Defendant Sushi is doing business as, and is the lessee and operator of, the restaurant SUSHI SAKE RESTAURANT and related facilities located on the Subject Premises with the specific address 14649 SW 104th Street, Miami, Florida 33186.

## GENERAL ALLEGATIONS

14. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center.

15. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

16. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

17. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

18. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

19. In or about 2016, Plaintiff visited the Subject Premises to conduct business—i.e., purchase goods —and encountered architectural barriers to access the Subject Premises.

20. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA violations.

21. Plaintiff was not able to access, among other things, the parking lot, entrance access and path of travel, access to goods and services or public restrooms at the Subject Premises without encountering architectural barriers.

22. Plaintiff shall return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

23. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

24. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

25. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

26. Plaintiff desires to visit the Subject Premises again, not only to have a place to shop, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

27. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because he plans on returning to the Subject Premises in the near future.

28. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

29. Defendants are in violation of the ADA and ADAAG and is discriminating against Plaintiff as a result of the following violations:

### SHOPPES AT 104

#### Parking

a. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles were located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

#### Entrance Access and Path of Travel

c. The Plaintiff had difficulty entering numerous tenant spaces without assistance, as the door thresholds were too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2, 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

#### Access to Goods and Services

f. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of

disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

g.  The Plaintiff could not use the sales counter as it was mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## MACITA'S RESTAURANT

### Public Restrooms

h.  There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

i.  The Plaintiff could not close the accessible toilet compartment door as it was not self-closing and did not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

j.  The Plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet in the toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

k.  The Plaintiff had difficulty transferring to the toilet without assistance, as the side grab bar was not the required length and the rear grab bar was missing. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

l.  The Plaintiff had difficulty using the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating Section 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

m.  The Plaintiff could not use the lavatories without assistance, as the required knee and toe clearance was not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

n.  The Plaintiff could not use the mirror in the accessible toilet compartment, as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### **SUBWAY RESTAURANT**

### **Public Restrooms**

o.  The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

p.  The Plaintiff could not transfer to the toilet without assistance, as the side grab bar was not the required length and the rear grab bar was missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

q.  The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

r.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

s.  The Plaintiff could not use the soap dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and

Section 308.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## SUSHI SAKE RESTAURANT

### Access to Goods and Services

t. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

### Public Restrooms

u. The Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty using the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating Section 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

w. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Sections 36.211 and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff could not use the mirror in the accessible toilet compartment, as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

30. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject

Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

31.    By encountering the discriminatory conditions at Defendants' Subject Premises, and knowing that it would be a futile gesture to return to the Subject Premises unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

32.    By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

33.    Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

34.    Plaintiff demands a non-jury trial on all issues to be tried herein.

**CLAIM FOR INJUNCTIVE RELIEF**
**(Against all Defendants for ADA Violations)**

35.    Plaintiff re-avers and incorporates paragraphs 1–34 as if fully set forth herein.

36.    This action arises pursuant to the ADA.

37.    Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant because of the Subject Premises' existing ADA violations.

– 9 –
FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

38. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

39. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

40. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DOUG LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendant RC FL-SHOPPES AT 104, LLC d/b/a SHOPPES AT 104, Defendant C&C AMAYA INVESTMENTS, INC d/b/a MACITA'S RESTAURANT & BAKERY, Defendant SUBWAY 6680, INC. d/b/a SUBWAY, and Defendant SUSHI SAKE HAMMOCKS, INC d/b/a SUSHI SAKE RESTAURANT, from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of September, 2016.

                        Respectfully submitted,

By:    s/ Rafael Viego III
        Rafael Viego III, Esq.
        Florida Bar. No. 60967
        **FEDERAL DISABILITY ADVOCATES**
        *Attorney for Plaintiff DOUG LONGHINI*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:  (305) 717-7530
        Facsimile:  (305) 717-7539
        E-mail:  rviego@jltrial.com
        E-mail:  eservice@jltrial.com

MEL/RV/rd
0006.027